hPLOTKIN, Judge,
dissenting with reasons.
The primary legal issue is whether there was a breach of fiduciary duty by the agent, Raymond M. King, to his principle, Allen H. Borne, Jr. Particularly, did King fail to inform Borne that the City Council would permit an RO-1 classification of Borne’s property.
The majority dismisses this issue in one sentence, stating, “However, in light of King’s reasonable opinion that such a designation would not allow for Borne’s intended use of the property, the councilman’s purported offer of an RO-1 designation is irrelevant.”
The undisputed facts are that Borne contracted with King to secure a rezoning of Borne’s property at 4401 So. Broad Street, New Orleans, Louisiana, from RD-2 to Bl-A. Councilman Thomas testified that at the October 3, 1996 meeting, where King appeared to request a Bl-A classification, the Council was willing to allow an RO-1 rezoning. Borne was instructed by King not to attend the meeting and did not attend. King rejected the RO-1 offer and insisted on a Bl-A classification, which was denied by the Council. King did not request an extension of time to consult Borne, nor did he communicate the zoning compromise to Borne.
12Prior to the October 3, 1996 Council meeting, the City Planning Commission recommended on two occasions to the Council and all parties that the property should be classified RO-1, which would have suited Borne’s intended use. Borne testified that he would have accepted an RO-1 classification, ass an alternative, if King had timely informed him of that option.
Louisiana Law on Mandate is unambiguous. The mandatary has several fiduciary duties to the principal, including, but not limited to, to provide timely accurate information to the principle. This duty is now codified in La.C.C. art. 3003, which provides that,
*863 At the request of the principal, or when circumstances so require, the mandatary is bound to provide information and render an account of his performance of the mandate. The mandatary is bound to notify the principal, without delay, of the fulfillment of the mandate.
In light of this clear legal precept and the fact that the Council offered to rezone the property to RO-1, which the agent failed to timely communicate to his principal, the mandate breached his fiduciary duty. The property has now lost its highest and best use.
Accordingly, I would reverse the judgment in favor or King and render judgment in favor of Borne.